FILED
CLERK, U.S. DISTRICT COURT
JUL - 1 2025
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

Nancy Sussman
5823 Lomond Drive
San Diego Ca 92120
619 381-2134
kauaiatty@aol.com

CASE 2-25CV-5983--BBF\JC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NANCY SUSSMAN,
Plaintiff,

FIRST AMENDED COMPLAINT

v.

SUMMER STEPHAN, DANA SABRAW, PATRICIA GUERRERO, DAVID RUBIN, Judith MCCONNELL, DENNIS SAAB, SHANNON DAVIES WENDY PATRICK, JOHN DUNLAP, ESPERANZA MARTINEZ, CHRISTINA MITCHELL, CLIFF DEAN SCHNEIDER, ROB BONTA, , CALIFORNIA STATE BAR, COMISSION ON JUDICAL PERFORMAMCE, COUNTY OF SAN DIEGO, SHERIFF DEPT, LAS COLINAS REENTRY FACILITY,KELLY MARTINEZ, OFFICERS KIEL, PICKARD, MACIEL, , CHIEFS ZIMMERMAN, NISLEIT, JUDGE ROBERT HUIE, SGT. GARNER, CORPORAL O'NEIL, ALPHONSO MARTINEZ, DENISE MARTINEZ ESPERANZA MARTINEZ, JUDGE DAVID BERRY, GREGORY POLLACK, PUBLIC DEFENDERS OFFICE , GIOVANNI MACIAS AND ANTHONEY HERNANDEZ, San Diego police Dept and SAN DIEGO Public Defenders Office. SAN DIEGO DISTRICT ATTORNEY OFFICE, Richard HON, ELLIN DAVIT DOES 1-10
Defendants.

COMPLAINT FOR:

1. Violation of Civil Rights (42 U.S.C. § 1983)

2. Conspiracy to Violate Civil Rights (42 U.S.C. § 1985)

3. Monell Liability – Policy or Practice

4. First Amendment Retaliation

5. Whistleblower Retaliation

6. RICO (18 U.S.C. § 1962)

7. Malicious Prosecution

8. Abuse of Process

9. Defamation

10. Intentional Infliction of Emotional Distress

11. Loss of Property / Negligence

12. Equal Protection Violations

13. Due Process Violations

14. Fraud and Extrinsic Fraud

15. Judicial Misconduct / Disqualification Violations/Agreements

16. Supervisory Liability

.17. INEFFECTIVE COUNSEL Public Defender

18. Bane Calif Civil Code 52.1
JURY TRIAL DEMANDED

FACTUAL ALLEGATIONS AND CAUSES OF ACTION

1. Plaintiff Nancy Sussman age 74 who had been a law-abiding attorney until 2022. This action for civil rights violations and racketeering against defendants based on their coordinated efforts to suppress her whistleblowing, destroy her family, and preserve and cause her wrongful conviction and suspend her license to practice laws driver's license and to erase her existence. Each defendant played a specific role in the conspiracy to retaliate against Plaintiff, deny her constitutional rights, and obstruct justice. This integrated section combines both the factual allegations and causes of action.

2.VENUE AND JURISDICTION

This court has subject matter jurisdiction over plaintiff' case and over related state law claims pursuant to 28 U.S.C. Sec 1367..\Venue is proper in the United States District Court for the central division of California under 28 U.S.C. Sec 11391(b) as a substantial part of the events or omission giving rise to these claims occurred in this District, including in both Los Angeles, San Diego and San Francisco Divisions. Multiple defendants work or live or are employed within this district including the State Bar, California Supreme Court Justice and the commission on Judicial performance and others.

The plaintiff specifically brings this action in the Central Division of California to ensure an impartial tribunal, as many of the defendants, including Judge Dana Sabraw and Robert Huie and others are affiliated with or have influence over the Southern district of California where some of the related misconduct and coverups have previously occurred.

3. In 2019, Summer Stephan THE San Diego District Attorney initiated a false criminal threat case using Alphonso Martinez as a proxy as he had done many times before. Plaintiff had a pending federal lawsuit against public officials for the death of her son Michael that was forum shopped by her husband Judge Dana Sabraw so he could dispose of it as it affected his wife Summer Stephan's office and their associates. The plaintiff was arrested on October 28, 2019, while the case was on going and indicted on November 4, 2019by Summer Stephans's office. The following day, Judge Dana Sabraw, whose wife is Stephan, the District Attorney dismissed Plaintiff's civil rights case with prejudice, even granting dismissal to defendants who had not filed motions. He sent a handwritten message on PACERS: 'Is this what you've been waiting for?'. Followed by a letter sent to the district attorney Stephan's (Exhibit F) by the plaintiff followed by the complete dismissal of the case with prejudice even as to the defendants who did not file 12 B motions. He disallowed the first judicial amendment This started the foundation for Plaintiff's claims under 42 U.S.C. § 1983 (Count I), 1985 (Count II), First Amendment Retaliation (Count IV), and RICO (Count VI). Judge Sabraw should have sua sponte recused himself and was requested to do so. He refused even to disclose his relationship with Summer Stephan's the San Diego District Attorney.

4. Defendants Deputies district attorneys Wendy Patrick, Shannon Davis and Dunlap filed false affidavits to secure unlawful warrants. John Dunlap and Patrick filed and dismissed bogus charges multiple times. Between 2019 and 2025, Plaintiff was forced to defend against 16 felony charges, almost all of which were ultimately dismissed. These actions form the basis for Malicious Prosecution (Count VII), Abuse of Process (Count VIII), and RICO (Count VI) plus one maliciously prosecuted Dwi case in 2025 on appeal.

5, After four years of trying to have this unmeritorious case dismissed In May 2022 Judge David Berry presided over a fabricated trial where he concealed juror misconduct and falsely claimed 'everything was on video.' The jury foreperson was personally connected to Berry's family currently and no disclosure was made. Berry suppressed a CCP § 170.1 disqualification motion filed from jail by plaintiff as her own attorney and did not recuse or even address it. (See Exhibit D). He then indicated to the plaintiff that he was going to send her to State prison when he sent her to jail on June 23, 2022. On October 22, 2023, he sent plaintiff to state prison for two years and sentenced Plaintiff to prison at age 72. This violated Due Process (Count XIII), Equal Protection (Count XII), and supports Judicial Misconduct and

Disqualification (Count XV). Judge Berry participated in an agreement to deprive the plaintiff of the constitutional rights.

While in jail, Plaintiff $23,000 worth of property, including irreplaceable DNA from her deceased son was disposed of when she was sent to State without notice to try to save it. The sheriff's staff, including Sgt. Garner and Corporal O'Neil, retaliated against Plaintiff after she complained about being spit on observed by Corporal Oneil who did nothing. This gives rise to Loss of Property (Count XI), Emotional Distress (Count X), and § 1983 claims (Count I).

6. Michael Sussman, Plaintiff's son, died on December 21, 2018, a day after release from custody after being wrongfully convicted in a kangaroo court. He met Anders Holthaus, who was a drug pusher felon on probation who gave him heroin and cocaine. Drugs he had never taken. Alphonso Martinez was the pretextual victim in that case also and presented video surveillance obtained for the government by spying on plaintiffs' houses. Anders Holthaus was recommended for murder charges by the Sheriff's Office, Sheriff Stein in April 2019-July 2019 and many times after and again by the Plaintiff in July 2019, but Summer Stephan refused to prosecute him because of the civil rights case ongoing in her husband's court. Instead, she targeted Plaintiff the mother using a defendant in the lawsuit as the "victim" Alfonso and Esperanza Martinez as they had been in 2018 as well went after the mother. This pattern of retaliatory injustice gives rise to § 1985 Conspiracy (Count II), Whistleblower Retaliation (Count V), and Emotional Distress (Count X). (See Exhibit B) See Exhibit C1-10 and Exhibit B).

7. Justice David Rubin was assigned Plaintiff's appeal however he was disqualified as he improperly accessed criminal records from a case involving Plaintiff and presided over a case involving the plaintiff and her son when he was in Superior court judge in the case that involved the plaintiff as a party and then reviewed ex parte without anyone's knowledge criminal records, transcripts talking to witnesses ex parte and used that knowledge to influence his appellate ruling. He had actual bias. He was disqualified under Canon 3E(1) at least but never recused. (See Exhibit S and T) Justice McConnell blocked the plaintiff's complaint about Rubin being the deciding judge after the appeal due to his involvement in the other case and that he had extra judicial knowledge. When Plaintiff learnt he had rendered the decision she contacted McConnell and requested it be rendered null and void. McConnel refused to investigate and obstructed an investigation, refused to allow the plaintiff to file any post appeal motions as she said a criminal defendant cannot take part in the appeal which was over. Despite obstructing the plaintiff challenge of Rubin, failure to investigate, When Plaintiff filed a writ of mandate to vacate and to transfer to another district, she denied the writ of mandate seeking the rendering the decision by a disqualified justice null and void ab initio. She refused to send it to another District. Chief Justice Guerrero, close to McConnell and worked in the fourth district

for seven years as an appellate judge, Their friendship was so tight that McConnel nominated to the governor for the job as chief justice by making one phone call which got her the job Guerrero had no unusual qualifications for that job other than the phone call. Defendant Guerrero made McConnell the head of the POG program where the two have frequent contacts. Guerrero refused to disqualify herself and denied the Writ then denied Plaintiff's extrinsic fraud motion one week after receiving plaintiff Motion to Recuse Justice Guerrero even deciding the case These actions support claims for Due Process (Count XIII), Judicial Misconduct (Count XV), Fraud (Count XIV), and Supervisory Liability (Count XVI).(See exhibits S and T), U and W and exhibit 16.

8.. Judge Dennis Saab presided over Plaintiff's State Bar trial, censored her, and suppressed her testimony. The hearing was held via Zoom despite Plaintiff's disability. Saab's rulings intentionally misrepresented and omitted Plaintiff's testimony made her sound delusional and censored her right to absolute free speech enabled retaliation. These actions support claims under the , Due Process (Count XIII), and First Amendment (Count IV). and were fraudulent as was the State Bar and Defendant Mitchel, even bringing 12 moral turpitude charges against the plaintiff, an attorney with a clean record while Girardi slept. There was no client involvement, no harm to the public nor any trust fund violations. It was about free speech. It was an institutional gaslighting hearing not even remotely related incident in which an attorney should receive a 4-year suspension or any sentence. (See exhibit 1 and 2)

9. The California State Bar, CJP, County of San Diego, Bonta and other entities followed policies and practices that silenced Plaintiff, punished her for whistleblowing, and protected corrupt officials. These facts support Monell Liability (Count III), § 1983 (Count I), and RICO (Count VI). This was disclosed when the Girardi reform came out revealing the Bar had protected and empowered Girardi to embezzle from his clients and fired whistleblower who objected to his complete lack of discipline for 41 years.

10.Cliff Dean Schneider took $20,000 when Plaintiff had to sell, her life insurance policy to pay him to fix an appellate brief and request oral argument. Instead, he filed the same brief without the challenge to the judge he promised to add and the Strickland violations and abandoned Plaintiff. He failed to request and waived oral arguments. His actions were fraudulent and exploitative, giving rise to Fraud (Count XIV), Emotional Distress (Count X), and violation of the due process clause and the sixth amendment and fraud. Defendant Schneider took the case only to make himself a fast $20,000 and never intended to do anything.

11. Defendants Stephan's and the District Attorney office also defamed Plaintiff through bulletins, false statements in and out of court, and Bar publications in the

newspaper and online These communications harmed Plaintiff's reputation and deterred public support for the death of her son and brother due to court corruption. These facts support Defamation (Count IX), § 1983 (Count I), and First Amendment Retaliation (Count IV). (See Exhibit A). This was intentionally sent to all the police station and the sheriff so they could target the plaintiff and incite police violence which it did. (See Exhibit A).

12 Defendant Judge Richard Hon was the presiding judge of the State Bar court and abused his authority by improperly inserting himself into plaintiff discipline proceedings. Despite his role is limited to administrative manners and assigning Judge Wang to the hearing dept judge Hon unilaterally placed plaintiff on involuntary inactive status without a hearing, notice or justification. That classification is meant for an attorney who poses an immediate threat to the public and was not warranted in plaintiff case as she was already suspended wrongfully and posed no risk to the public and is fully cooperating with the bar disciplinary protocol. It was meant to signal to the bar to disbar the plaintiff for no reason. Defendant Hon actions coincided with plaintiff filing exposing Justice Guerrero mail fraud and diverting motions out the Supreme Court to avoid addressing them and to get them out of the chain of custody of the Supreme Court. Judge Hon and Justice Guerrero are acting in concert to deprive plaintiff of her constitutional right to a license and due process. Both violated their oath of office and should be removed from office. It also exposes both Judge Hon and Justice Guerrero to liability under Rico and 42U.S.C.Sec 1983 (See exhibit 18, U and W.) Further Judge Hon denied plaintiff Motion to Dismiss although it was assigned to the hearing judge and refused to allow plaintiff to file her exhibits although he ordered them filed.

12.All of these actions, taken together, show a coordinated scheme among state and federal officials to discredit, silence, and punish Plaintiff — a whistleblower whose only 'crime' was exposing abuse of power among prosecutors, attorneys and judges who believe the law does not apply to them.

Further the time Plaintiff was represented by the public defender's office Strickland was violated by Giovanni Macias and Anthoney Hernandez and significant damages were caused

## JURY DEMAND

The plaintiff demands a trial by jury on all issues triable by right.

## JUDICIAL MISCONDUCT AND STRUCTURAL DEFECTS- "THE JUDICAL ARGREEMENT"

13. Judge David Berry as trial judge in the perjured Criminal threat case received and ignored Plaintiff's disqualification motion mailed from jail under CCP § 170.1. before the public defender took over the case. He concealed an email from the jury foreperson, who had a personal connection to his family immediately after the verdict strongly suggesting an ongoing current friendship. Judge Berry undisclosed for 30 days as he received right after

the verdict as the juror emailed his sister immediately after the verdict expressing juror bias during deliberations. Berry misrepresented that 'everything was on video,' though the alleged threat was not to sanitize the record for an appeal. This created a false record for the appellate court. The jury foreperson, Berry's family friend, said the jury was 'mad' at Plaintiff for 'disrespecting' the judge during their deliberations. She was particularly mad. This displayed emotional prejudice.Coincidently Berry revoked Plaintiff's release on June 23, 2022. Thirty days after the verdict and told her she would be sentenced to state prison months before he did thus prejudged sentencing. He sentenced her on October 23, 2022, to State Prison resulting in near-death incarceration at age 72. These acts were intentional violations of Plaintiff's due process and are not protected by judicial immunity. Judge Berry should have recused himself immediately when the personal relationship was disclosed and when he received yet ignored the CCP 170.1 challenge he had a duty to address as plaintiff had the right to file one even had he replaced her with a public defender whether already in pro per or even while represented and she did and even send a copy to presiding judge. Instead, he denied the unsealing of the juror's name to hide what occurred in deliberations and the jury foreperson's identity. He wanted the plaintiff to remain convicted of a crime she did not commit. Judge Berry was disqualified before he sentenced plaintiff based upon his personal involvement undisclosed with the juror and ignoring plaintiff CCP 170.1 and his concealment of bias during jury deliberations. Berry denied the motion to unseal the jurors' name because he saw the trial and the jury thought Defendant was disrespecting the judge as a defendant which would be in his mind be permissible. However, Berry was not in the deliberation so he cannot state why they were mad at the defendant as discussed in deliberation and whether that affected their deliberations. Judge Berry conduct is not protected by the doctrine of judicial immunity due to the fact that he was disqualified by the actions above to preside over the case from the date the ignored challenge was received. Either a Defendant or her council could challenge Judge Berry and that challenge was ignored. Further the email from the family friend the jury foreperson was prima facia evidence of bias during jury deliberation and would be admissible pursuant to Evidence Code 1050. Judge Berry intentionally obstructed plaintiff constitutional rights to which there is no immunity. Further Judge Berry and Judge Pollack authenticated and agreed that the falsified orders of judge Pollack before they were made exhibit in the trial.

14 Justice David Rubin was previously the judge in a Superior Court case presiding over Plaintiff and her son Michael, involving the same witnesses' facts and similar evidence. While the case was on submission Rubin EX PARTE reviewed files involving Plaintiff and her son and accessed the criminal CMS system to "investigate the controversy" The extent of his ex parte review is unknown. He ruled against Plaintiff which was overturned. He then was the deciding judge on Plaintiff's appeal as the deciding justice despite being disqualified, relying on knowledge he improperly obtained. In his void decision he falsely stated the trial judge could determine whether to unseal juror names based on having 'seen the trial,' even though no judge observes deliberations and that a criminal threat does not need sustained fear. Rubin's participation was a shocking structural defect in the proceedings, rending it void ab initio tainting the outcome and prejudice is assumed by the

constitutional defect. Had he not been disqualified the decision would have been legally a fraud. Regarding a fraudulent analysis on PC 422, Pc 646a and CC 237(See exhibit A and in Writ of mandate exhibit S, T, and U and plus the remaining exhibit in the exhibit attachment. Justice Rubin is disqualified as a matter of law to be on the panel yet alone the decision maker. See Orders of Judge Rubin A and F of exhibit S.

15. Justice McConnell knew of Rubin's disqualification and refused to act. When Plaintiff filed a writ of mandate to vacate the misconduct, McConnell claimed Plaintiff had no right to challenge it because she was a criminal defendant and shielded Rubin from any repercussion as she was closely connected to the CJP. McConnell then denied the writ, and the request to transfer to another District, participated in concealing and obstructing Rubin's misconduct, and helped maintain Plaintiff's felony status to prevent her from suing the County of San Diego or regaining her license and to remain a falsely convicted felon and most of all to protect Justice Rubins violations of ethics and the law and judge Berry. These actions were a conspiracy to deprive plaintiff of her constitutional right to a fair hearing and due process. There is no judicial immunity for such an agreement to obstruct parties' constitutional rights. (see exhibit 5)

16. Chief Justice Patricia Guerrero denied Plaintiff's writ without recusing herself the strong appearance of impropriety from her close relationship with McConnell and because she owes her job to McConnel for nominating her for her position by calling Governor to suggest only her. Both were in the fourth district together for seven years. Plaintiff then submitted a request for disqualification of her motion to disqualify her, which she diverted out of the Supreme Court trying to hide it by diverting it a UPS box and prevent it from being filed, which is mail fraud. She then then denied the extrinsic fraud motion one week later. Guerrero routed the disqualification denial to a UPS address, then the Extrinsic fraud denial to Plaintiff's home. Guerrero is a close associate of McConnell and part of the scheme and agreement between these three justices to block Plaintiff's exoneration, preserve Rubin's ruling, and suppress evidence of structural judicial fraud and deny Plaintiff her constitutional rights. Guerrero's participation violated the Constitution and eliminated any semblance of impartial justice. A judicial agreement to injure a party with constitutional rights does not have the right to sovereign immunity for participating in the unlawful agreement. (Exhibit 6). Justice Guerrero went to unethical and criminal length to avoid having the challenge in her position which supports Structural fraud and conspiracy with Justice Rubin, McConnell and Judge hon to deprive plaintiff of her constitutional right and make sure she stays a criminal although wrongfully convicted. This is also done to preserve the criminal conflict of interest going on between Judge Dana Sabraw and Summer Stephan's. See Exhibit U, W, and 16.

17 Judge Pollack initiated the conspiracy years earlier by issuing forged orders reversing the roles of victim and perpetrator when Alphonso Martinez assaulted Plaintiff's son Michael when he was disqualified to even rule on the case Pollack's forged orders were placed into the stream of commerce, used as evidence against Plaintiff years later which

they were as two exhibits When the two forged order entered the court room as exhibits over plaintiff protest Judge Pollack was liable for that occurrence. Pollack took an active role to see that that occurred that they became exhibits in the trial. He acted without jurisdiction and in bad faith, laying the foundation and conspiring with the others to get the plaintiff convicted of a crime she was innocent of and for the malicious prosecutions that followed. Pollack's conduct was nonjudicial, not res judicata and caused irreversible harm to Plaintiff's family. And it was the proximate cause of everything that happened to the plaintiff and her son See Exhibit G and M C6. This complaint is not res judicata because Pollack personally saw to it that the two forged exhibits were used in the trial as exhibits.

18. Judge Robert Huie was a U.S. District Judge sworn in by Judge Sabraw in 2022 then presiding judge. Plaintiff filed a lawsuit against Judge Sabraw and Summer Stephan's for defamation in relation to the bulletin they generated about the plaintiff. Judge Huie was assigned the case by Defendant Sabraw. and then vacated it for Judge SABRAWS and STEPHANS while the plaintiff was in jail. This was unconstitutional and due process violation is moot was like the case never existed as it was not adjudicated. Judge Huie disregarding all plaintiffs' constitutional safeguards and obstructed justice and removed her case from the docket to protect Judge SABRAWS and Stephan's. Plaintiff should be allowed to revive the case. It was not within his judicial role to vacate a case, so it does not exist for his presiding judge. It deserves the right to be relitigated. Sovereign immunity should not apply to vacate complaints like they did not exist for a fellow judge and deprive a party of any right to be heard when the case should have been stayed as the plaintiff was put in jail by the Judges wife as Judge Huie knew. Judge Sabraw assigned the case to a new judge knowing he would dispose of it. He joined and furthered the conspiracy to deprive the plaintiff of her constitutional rights See Exhibits B,J,N, AND R

19. All of the above actors acted with knowledge that Plaintiff's felony conviction was secured through disqualified judges, false testimony, and undisclosed juror bias, false orders and conspiracy to obstruct justice. Rather than correct these violations, they agreed Plaintiff would not be exonerated and obstructed every attempt to remedy the injustice. These coordinated actions constitute conspiracy, fraud, denial of due process and equal protection, and a conspiracy to interfere with plaintiffs' civil rights and racketeering under federal law. All the justices that followed Sabraw did the same thing Sabraw did rule when disqualified) See exhibit 8 Deep State of GOP Justice)

## DEFENDANT LIABILITY BY CAUSE OF ACTION

20 COUNT I – 42 U.S.C. § 1983 – Civil Rights Violations:

• Liable: Summer Stephan, Dana Sabraw, David Rubin, Patricia Guerrero, Judith McConnell, Dennis Saab, Shannon Davis, Wendy Patrick, John Dunlap, Christina Mitchell, Esperanza Martinez, Cliff Dean Schneider, Robert Bonta, Alphonso and Esperanza Martinez, Denise Martinez, Sheriff Kelly Martinez, Officers Kiel, Pickard, Maciel, Ottweiler, Sgt. Garner, Corporal O'Neil, Chiefs Zimmerman, Nieslet Judges Berry and Pollack Judge Huie. Alphonso

Martinezand Denise Martinez, San Diego Police Dept, Justices Rubin and McConnell their action as described above deprived plaintiff of her constitutional right See Exhibit, Exhibit E

21. COUNT II – 42 U.S.C. § 1985 – Civil Rights Conspiracy:
• Liable: All defendants acting in concert as described above, including judicial officers acting outside jurisdiction and administrative officials (Saab, Guerrero, McConnell Rubin).Judge Huie and Judge Sabraw, Summer Stephan and the San Diego District attorney office, State Bar of Calf Judge Saab and Defendant Mitchel Martinez defendants, San Diego Police, Judge Berry and Pollack, State Bar, Mitchel and Judge Saab Dunlap, Patrick and Davis. Justice Rubin (See later allegation set out fully) See Exhibits A,B,C7,C9,J, O. and 16 to violate Plaintiff civil right and see that she will remain a wrongly convicted felon due to their concerted agreement never to exonerate her. Judge Hon of the State Bar want to punish Plaintiff further by his ultra vires acts by making he involuntarily inactive acting in concert with Justice Guerrero

22 COUNT III – Monell Liability:
• Liable: County of San Diego, State Bar of California, CJP, Rob Bonta – maintained unlawful customs and failed to train or supervise staff to prevent retaliation and due process violations. The plaintiff wrote a letter to him several times which was ignored. They were on actual notice what Sabraw-Stephan's were doing to the plaintiff and her plan to destroy the plaintiff. The CJP ignored and covered up all crimes and ethical violations committed by all judges named. See Exhibits E, J,N,O,R,7,11,

23.. COUNT IV – First Amendment Retaliation:
• Liable: Summer Stephan, Dana Sabraw, Dennis Saab, State Bar of California, Mitchel, CJP, Cliff Dean Schneider, John Dunlap, Shannon Davis, and McConnell, Rubin, Mitchel and the defendant DDA'S, Guerrero, Wendy Patrick and John Dunlap , Judge Berry and Pollack for retaliating against Plaintiff's speech and legal actions. Defendants censoring her by making her a criminal and suspending her license to practice law. the Judicial Defendants. Also, by the district attorney defendant plaintiff a criminal because she wanted to warn the public about what was done to her family and the Stephan-Sabraw criminal conflict of interest to protect each other and the State Bar. (See later allegation setting this cause of action our fully. ) The State Bar censoring the plaintiff to reveal the facts of the murder of her son and who is responsible for it and the Sabraw-Stephan's criminal conflict of interest and prosecutorial misconduct is a violation of her first amendment right as well as retaliation of a whistleblower a practice they have engaged in many times over the years. All provided in actions that would censor plaintiff and prevent her from absolute protected free speech See Exhbit B.

24. COUNT V – Whistleblower Retaliation: against all defendants

Plaintiff incorporates all the previous causes of action is stated exactly herein
• Liable: State Bar of California, Dennis Saab, Mitchel Guerrero, McConnell, Rubin Summer Stephan and Pollack and Berry ,Huie, Summer Stephan and the District Attorney office, all

named DDAs, All Defendant in the Martinez family– retaliated against Plaintiff for disclosing government misconduct and for speaking as a mother and whistleblower as an insider who observed crimes and was trying to report them and get an outcry of support for the murder of her son and the wrongful death of her brother Jonathan. They would retaliate against her so she would be ostracized, discredited and isolated and no one would believe the truth while protecting the Defendants and especially defendant Sabraw. Defendants are not entitled to sovereign immunity or prosecutorial immunity as they acted outside of the scope of their official roles, coordinated with other state actors and used the disciplinary system to silence whistleblowers while STEPHANS and SABRAWS used false crimes to silence whistleblowers. Plaintiff seeks expungement of all suspension and disciplinary proceeding against her, declaratory and injunctive relief. See exhibits 7 and 15 and 16.

25. COUNT VI – RICO (18 U.S.C. § 1962): all defendants

• Liable: Summer Stephan, Dana Sabraw, Rubin, Guerrero, McConnell, Saab, Dunlap, Davis, Mitchel, ,Dunlap, Davies Hon Guerrero , Huie, Berry , Pollack and the San Diego Police Dept and all defendants mentioned throughout this lawsuit others acting jointly to obstruct justice, retaliate, and suppress civil claims using mail fraud, forgery, concealment of a murder, perjury, abuse of process, obstruction of justice , (see later allegation set out fully).

26 COUNT VII – Malicious Prosecution:

• Liable: Summer Stephan, Shannon Davids, John Dunlap, Wendy Patrick, San Diego Police Dept – brought false Defendants brought charges without probable cause for improper purpose 16 felonies and 3 misdemeanors and put plaintiff on trial twice to retaliate against her and censor her from revealing the criminal conflict of interest between Judge SABRAWS and the office of the San Diego District Attorney and to discredit her so no one would believe her, a felon. After four years six felonies not tried were dismissed by the court as having no merit. Further she failed to adequately investigate the merits of the many crimes she charged with the plaintiff using perjury and did not exonerate her even with the presentation of the lie detector test. By the dismissal of 6 felonies by the court at or about August 17, 2023, after a pitchless motion was heard and six of her charged felonies were dismissed by the court for lack of merit and failure to disclose that the Bulletin triggered high speed chase not a warrant. See Exhibit O dismissal of charges PC1385, Exhibit H, Exhibit M, Exhibit R. Further DefendantS arranged for plaintiff to have a staged accident with picture taken documenting the same in which they charged with a DWI wrongfully.

27.COUNT VIII – Abuse of Process:

Summer Stephan's, Judge Sabraw, DDAs Patrick , Dunlap and Davies Patrick State Bar of California, Mitchel and Judge Saab San Diego Police Dept

• Plaintiff incorporate previous causes of action as if stated exactly herein: Same as Count VII – used court process for harassment, to suppress exoneration efforts. To put out a bulletin designed to get plaintiff arrested, to bring charges selectively to retaliate while

ignoring murder charges against Anders Holthaus. Bring unlawful warrants for plaintiff blood and medical records and use that evidence at trial, circulate target bulletin so plaintiffs will be arrested. As to the State bar, Defendants Plaintiff was fraudulently placed on a four-year probation as part of a retaliatory and unconstitutional sentence. Defendant Saab intimidate attorney Kamionski who the bar hired to represent the plaintiff in another matter which was dismissed and Saab retaliated against him so although he successfully completed the other matters, he refused to appeal the outrageous sentence due to fear of reprisal as the Bar has been known to do. Another attorney wanted to charge the plaintiff 60,000 dollars as the bar dragged this case out for four months. When the Girardi scandal was revealed after this occurred plaintiff had excellent backup for an extrinsic Fraud motion. The condition of her sentence and the sentence itself was punitive and effectively a disbarment of plaintiff, four more years' probation, general law test and now $20,000 which was not even in the order. The Board of trustees orders this addition with no knowledge of the plaintiff exclusively to punish her and abuse the legal process.(See exhibit 2) Further the State Bar has still not returned her license as the first probational period is up and wants to hold a moral turpitude hearing on the fake felony conviction to see if that constitutes moral turpitude even though the decision to uphold the conviction is void ab initio... The actions of abuses State bar abuse the legal process where discipline is used as a tool of retaliation. Further the State Bar Court denied the plaintiff a zoom link recently so she would not be able to attend a hearing. Plaintiff tried to inform the judge of that however she denied communication even though the email was also sent to the state Bar counsel Further the Defendant with the public Defendant allowed a staged accident to be set up and used against t plaintiff. Further Judge Hon made plaintiff involuntary inactive as one would a Girardi dangerous attorney without a hearing to defame plaintiff further.

28 COUNT IX – Defamation:

• Liable: State Bar of California, Summer Stephan, John Dunlap, Wendy Patrick Alphonso Martinez – issued or disseminated defamatory bulletins, public statements, and filings. To try to get Plaintiff stopped by the police stating her husband the judge and she were in danger and plaintiff was dangerous person while plaintiff had been charged for false crimes. It was like a wanted bulletin. They used perjured testimony knowing it was as well as forged orders. They violated the special duties of prosecutors and ignored the finding of plaintiffs lie detector test. See Exhibit A bulletin. Further the State bar published plaintiff suspension defaming her in newspaper and on their web, site permanently branding plaintiff and it is still there. They defamed plaintiff, ruined he reputation and ostracized her as if it was the Salem Witch trial. See Exhibit 3, Exhibit 1 and 2,, Exhibit 11. The Bar also defamed plaintiff with a involuntary inactive status that was put on by Judge Hon without even hearing. It is false and defamatory and caused plaintiff more emotional distress

29 COUNT X – Intentional Infliction of Emotional Distress:

• Liable: All named defendants – Plaintiff incorporates all cause of action as if stated herein the Defendants and all of them intentionally caused a prolonged campaign of persecution, against plaintiff defaming her family member and the tragedy that occurred causing her

extreme emotional distress, sent her to prison, wrongfully suspended her license made fun of her loss of family members , dignity, and health, licensee to censor her about crimes in the judiciary. And put her through catastrophic hell backward the conduct was extreme and outrageous calculated to cause plaintiff extreme emotional distress and did cause such distress.

30 COUNT XI – Loss of Property / Negligence Las Colinas Reentry facility
• Liable: Las Colinas jail failed to safeguard plaintiff property causing it to be thrown in the trash. Further Sgt Garner, Corporal O'Neil, Sheriff Kelly Martinez –retaliated against the plaintiff for reporting that she had been battered by an inmate and Corporal O'Neil just ignored it. Sgt Garner punished the plaintiff for revealing O'Neil conduct. Martinez was informed of this conduct by letter and ignored it. Such property includes an invaluable tooth necklace, the last DNA of plaintiff son plus a 23,000-thousand-dollar watch of plaintiffs

31COUNT XII – Equal Protection Violations:
• Liable: Rubin, Guerrero, McConnell, Berry. Pollack and the State Bar, Judge Saab and attorney Mitchel and the San Diego District attorney office, Summer STEPHANS and DDA Dunlap, Patrick and Davis– targeted Plaintiff due to status as whistleblower, denied her rights given to others and selectively prosecuted the plaintiff to discredit her. Further the State Bar selectively prosecuted the plaintiff due to her minority, solo practitioners' status and because they did not go after the Girardi type Attorney with power but protected them and to protect Stephan's as one of the special attorneys, to them plaintiff was the perfect low hanging branch. And she would not have her law license to fight against the false felonies charged by Stephan's in the court with credibility. Further they made a mockery of the death of plaintiff brother and son like it did not matter and what matter was protecting the judges. Defendants prohibiting plaintiff from getting the outcry of support she needed. The State Bar only would treat a minority whistleblower in this manner. The State Bar engaged in elder abuse and institutional gaslighting. The general counsel of the State bar Elin Davit covered it up by not responding to the plaintiff extrinsic fraud motion filed in the Supreme court. The Defendant justices treat Plaintiff due to the minority status different than any other attorney eliminating all her constitutional rights See Exhibits X,11,15, and P to further the conspiracy to deprive plaintiff of her constitutional rights.

32. COUNT XIII – Due Process Violations:
• Liable: Stephan's Berry, Rubin, Guerrero, McConnell, Saab, Mitchel Bar, Pollack, Berry, The State Bar and Judge Saab and Defendant Mitchel, SABRAWS, Huie Rubin, McConnell, Berry and Pollack and the District attorney defendants– denied impartial tribunal, concealed juror bias, refused to disqualify. And violated plaintiff due process by getting her convicted of crimes she did not commit and failing to exonerate her and charging her with crimes to discredit her using knowingly perjured testimony of the Martinez defendants. Judge Sabraw is always working in concert with his wife Summer STEPHANS herein to silence the plaintiff about the two powerful husband and wife players and their flagrant abuse of power. . Further, by prosecuting a crime they knew was perjurious, that is a violation of the plaintiff's constitutional rights. The defendant Justice's also knew plaintiff is entitled to an

impartial tribunal in connection with her appellate rights. They intentionally dispensed that requirements to hide their illegal and conspirator conduct.to deprive the plaintiff of her constitutional rights and deny writs and petitions to shield each other from liability although all were disqualified from doing so See ExhibitsQ,S,T,U,V,W,5,12,

33 COUNT XIV – Fraud and Extrinsic Fraud:

• Liable: Guerrero, Saab, Rubin , Mitchel, Rubin and McConnell–and the State Bar, Judge Saab and Berry Defendant Mitchel the State Bar prosecutor concealed facts from higher courts, obstructed exoneration through deceit and misuse of procedure. Judge Saab wrote a decision based on intentional fabrication, omissions, and discrediting all of plaintiff's testimony, her daughter and the sheriff. The decision of the appellate judge also was extrinsic fraud, as were the charges against plaintiffs. (See exhibit 11) Defendant Mitchel charged plaintiff with 12 stacked charges knowing fully well that Pollack and Garrison were responsible yet hid that from Saab. Judge Berry sent the plaintiff to prison even though he has disqualified from ruling on the sentence and preventing the unsealing of juror's names to protect his family friend juror. Judge Pollack reversed victims against making the perpetrators and made sure his two altered restraining orders were used at the trial to convict plaintiff of crimes he knew she did not commit. The decision of Judge Sabraw was complete fraud done to protect his wife's office without recusal or even disclosing his relationship with Defendant Stephan's. Further Judge Hon making plaintiff inactive involuntary without a hearing and ruling on motions in the hearing dept to deny them is a fraud See Exhibit A, B,G,E,H,O,R,7,10,8, and N. The action done by the Defendant justices in concert to refuse to exonerate the plaintiff by ruling on her petition when disqualified to do so is extrinsic fraud. Further Justice Guerrero engaged in amil fraud by sneaking out plaintiff Motion to recuse to a UPS mail station not tied to the plaintiff to make it disappear from the custody and control of the Supreme Court

34.COUNT XV – Judicial Misconduct / Disqualification Violations: and the agreement among the judiciary

• Liable: Berry, Rubin, Guerrero, McConnell, Pollack, Huie, Sabraw – acted while disqualified, concealed conflicts, corrupted proceedings.( This violation is alleged fully later in the complaint). In concert to deprive plaintiff of her constitutional rights

35.COUNT XVI – Supervisory Liability:

• Liable: Rob Bonta, McConnell, Guerrero, Kelly Martinez both police chief Nieselt and Zimmerman – failed to discipline or correct constitutional violations despite knowledge of misconduct at all times mentioned herein including Sgt Garner and O'Neil punishment and retaliation against plaintiff for complaining about O'Neil for not sopping a prisoner from battering her.

36.THE ROLE OF THE CALIFORNIA STATE BAR ND ITS LIABILITY

The California State Bar acted in concert with judicial and prosecutorial officials to silence They put plaintiff a minority attorney on trial after an inquiry made more than 4 years prior

on trial while shielding bad actors like Thomas Girardi and Summer Stephan Plaintiff after she disclosed widespread corruption, including the wrongful conviction and death of her son, Michael Sussman and the medically kidnapping of her brother.(See Exhibits 1-10) Rather than investigate Summer Stephan or any prosecutorial misconduct, the State Bar targeted Plaintiff through retaliatory disciplinary action. This was to warn other practitioners if they expose court crimes they too will be retaliated against. This was the height of institutional hypocrisy and infiltrated corruption even worse than Girardi scandal see ExhibitP,R,X,Z,Exhibit1,2,3,11,15.

37 Plaintiff was suspended in two separate phases: first for speaking out as a grieving mother and whistleblower, absolute free speech stated as an opinion and second following her wrongful felony conviction. The first to which she was suspended for four years. The Bar's proceedings ignored due process, relied on a record fabricated through prosecutorial misconduct, and failed to examine the underlying judicial conflicts. Plaintiff's Bar trial lasted over the time span of four months over Zoom, during which she struggled with a zoom disability and was repeatedly muted. Judge Dennis Saab, acting as the Bar Court judge, intentionally misrepresented Plaintiff's testimony to the California Supreme Court, omitted key facts, and acted under undue influence from allies of Summer Stephan and undue influence by the State Bar prosecutor. The plaintiff was censored for engaging in protected First Amendment activity. The trial was institutional gaslighting at its worst and elder abuse designed to protect corruption in the San Diego Superior Court.

38. The State Bar knowingly placed Plaintiff in a vulnerable position, enabling further abuse by Stephan and other officials. It acted with deliberate indifference to foreseeable harm as they knew what happened to the plaintiff son and that plaintiff lived across the street from Martinez's. The Bar essentially gave plaintiff to their other licensee Stephan's by suspending her license knowing that Stephan's plan to destroy her in the same manner as Michael was destroyed, Plaintiff was not the bars problem. Further the bar had exemplary evidence of the forged orders by Pollack and did nothing to stop its use at her trail. The Bar also published false and defamatory statements about Plaintiff's status on its public website, further destroying her professional and personal reputation. (See exhibit 3 Brief of Murray Kamionski a first amendment specialist). Lastly the Bar has a duty to protect the public from fraudulent and attorneys who commit crime and misconduct yet refused to protect plaintiff from Summer Stephan's acting like they had with the victims who reported Girardi misconduct ignoring it and empowering it to continue

Further the general counsel Defendant Ellin Davit worked with the board of trustees and had a duty to respond to the Extrinsic fraud motion and admit what happened. The trustees of the Bar take part in this decision as well As referenced by exhibit four Plaintiff reached out to trust Brandon Stalling, head trustee a position appointed by the Supreme Court and deputy district attorney in the Kern County District Attorney office where he serves in the special victim's unit and serious DWI. Trustee Stalling had unique qualifications and graduated from an atypical law school that is supposed to focus on ethics and ethics reform which was why he was appointed. The plaintiff thought because of his unique qualification

and promise to help reform the bar he would be the person to reach out to and to be heard and send him exhibit 4 and three other letters begging for his help all responded to. Plaintiff truly believed that someone with his qualifications and unique views and stated religious upbringings , his background in understanding what a special victim is and his knowledge of CPTSD and his promises made to the governing board that he would not buy into the institutional hypocrisy that he would be the perfect person to investigate what happened to plaintiff, her son and the false DWI charges that were being brought against the plaintiff. Also as a DDA with knowledge other the judicial crimes and prosecutorial crimes of the District attorney's office and Summer Stephan and the false convictions and murder of plaintiff son he would have an ethical duty to inform either the FBI or some kind of law enforcement to get help for Nancy Sussman and her family who are being targeted by dangerous people, guide the bar ethically, promote internal reform and ensure that my serious whistleblower complaints are dealt with lawfully as no one is above the law. They were addressed with transparency. That he would not stand by and be complicit in what has happened to plaintiff and is still happening. The letter addressed Michael and Jonathan Sussman suspicious death, the conduct of STEPHANS and Sabraw Judge Saab and Ms Mitchel. The plaintiff also raised concerns about her ability to file a non-obstructed extrinsic fraud claim. The plaintiff did not know at that time that it was the board of trustees who abused the legal process and added another $19,000 to her cost penalty. Yet the plaintiff received no reply to any letter and obviously he did not urge the General counsel Defendant to respond honestly to the Extrinsic fraud motion to the Supreme Court. The bars silence despite Mr. Stallings public role as a reform minded trustee reflects the larger culture of the institutional hypocrisy at the State Bar and that the infiltrated corruption recognized by the Girardi reform still exist as does the stonewalling. Plaintiff reached out to him because of his unique knowledge from his law school and victim advocate role to change things as far as plaintiff was concerned and she now believes unfortunately that he simply went along with the institutional hypocrisy as evidenced by Elin Davit lack of transparency and honesty by not informing the e Supreme court about the extrinsic fraud so plaintiff can get her license back. He has sorely disappointed the plaintiff as his inactions which show complicity with crimes that have been committed against the plaintiff and his duty to report them both as a D.D.A. from another district and as the head trustee of the State Bar. Also, his failure to remedy the fraud committed by State Bar court Judge Dennis Saab and Christina Mitchel as well as other judges as there is a duty to report. That is not what Reform means. (See exhibit 4) See Exhibit X)

Lastly the conduct of Judge Hon the presiding judge, making plaintiff involuntary inactive without hearing and ruling on motion assigned to other judges is a violation of due process and fraud. He is an administrative judge. All his actions are ultra vires and void ab initio. He acted in concert with Justice Guerrero see exhibit 16

This conduct gives rise to liability under:

- 42 U.S.C. § 1983 (Count I)
- Conspiracy (Count II)
- Monell Liability (Count III)

- First Amendment Retaliation (Count IV)
- Whistleblower Retaliation (Count V)
- RICO (Count VI)
- Defamation (Count IX)
- Emotional Distress (Count X)
- Supervisory Liability (Count XVI)

Abuse of process and malicious prosecution

. COORDINATED SURVEILLANCE BY PRIVATE ACTORS FOR THE GOVERNMENT DEFENDANT Alphonso MARTINEZ, ESPERANZA MARTINEZ AND DENISE MARTINEZ

39. For over eight years, Alphonso Martinez, a government agent, border patrol and his family engaged in target surveillance of Plaintiff Nancy Sussman and her son Michael. The surveillance was not private The Martinez family role was to surveil the house, instigate complaints to the police, gathering documenting and fabricating alleged evidence used to initiate and justify criminal charges against the plaintiff as he did with her son resulting in his tragic death. It was not done for curiosity or neighbor observation; it was conducted with the intent to supply law enforcement and prosecutors with information to be used in a retaliatory campaign. The Martinez family particularly the Federal agent Alphonso acted as agents of the government first the City Attorney office and then after Michael death the district attorney office. The same job to surveil the house and use it as evidence when he precipitated staged attacks on Nancy and Michael Sussman so he could film them out of contents and then act as a victim of crimes he created. This was due in part to his personal animus against Michael and Plaintiff "I am going to get him off the block", his hatred for Jews calling the family "Kikes" and because the prosecutors instructed him to do so as was disclosed during the State Bar trial. At the State Bar hearing it was disclosed that prosecutor Ryan Scott now with the DOJ, told him to film Sussman house so he could charge Michael Sussman with restraining order violation and other crimes. See C3,C6, C10,

40 The private surveillance, done in cooperation with and the benefit of government official's constitutes action under the color of law. It is well established when private citizen is deputized, especially federal agents or act jointly with the government in performing traditional government functions like surveillance to support a prosecution, in this case two, trials right through the Sussman front door they are considered state actors for the purposes of 42U.S.C. Sec 1983 liability (see exhibit C1-C10 andC6.

41 The Martinez Defendants provided real time observation and video to prosecutor and law enforcement in both Plaintiff and her son's case. Their evidence was uncritical despite know bias and motive. They acted in concert again with the San Diego District Attorney office to build false evidence for false cases, obstruct civil rights litigation which involved them as defendants and intimidate plaintiff for her protected speech and status as a whistleblower. This long-standing surveillance as well as set up incidents with the plaintiff to use as evidence was paired with false testimony, defamatory reports escalated into full civil rights violations and is still ongoing. The families of the Martinez animus against the

plaintiff and her son are well documented in exhibit C1-10. The prosecutors first Ryan Scott and then Summer STEPHANS and minions Dunlap and Patrick feed and empowered Martinez's family sense of entitlement, narcissism and perversity.

42. This type of long-standing private surveillance for government retaliation and personal motives is constitutionally impermissible. The Martinez role in supplying surveillance, manufacturing events that did not occur enabled malicious prosecution and was a key part of the ongoing caused extreme emotional distress and planned a major part of the wrongful conviction of plaintiff and her son and for Michael death. These defendants campaigned to destroy the plaintiff's life reputation, liberty and right to live in the neighborhood, which was his personal goal. Further both Esperanza and Alphonso Martinez gave perjurious testimony at the Berry trial to get plaintiff convicted like they did her son.

43 Further Denise Martinez who referred to the plaintiff as the kikes, went to plaintiff sentencing while she was there in chains and was heard saying to DDA Dunlap "I did not think this would be so easy "which supports he was I on the conspiracy against civil rights. Further on or about December 23, 2023, Denise Martinez chased the plaintiff down the block to imitate the police chase to frighten her. She had another vehicle following plaintiff right to the mailbox a half mile away. There is no doubt that she played an intricate role with her parents to "Get the Kikes out of the neighborhood" nor is there any doubt that she conspired with Defendant Dunlap. Further during Michael Sussman trial, she also took picture of the Plaintiff and her family to aid the prosecutor Further defendant Alfonso Martinez perjured himself as did Esperanza in front of a jury and subsequent at the sentencing hearing to retaliate against plaintiff as they were doing for 8 years. Defendants continue their action up until today. When the plaintiff was released from prison, both sociopathic Martinez were in front of their house laughing

44 These acts give rise to liability under 42USC Sec 1883, 1985, First amendment liability count 1V to chill and punish free speech, Rico (count x 1NTENTIONAL INLFICTION OF EMOTIONAL DISTRSS, (count X), Equal protection violations and due process violations counts X11 and Count X111 and intrusion on seclusion California tort.

<u>Public defender ineffective and defective counsel liability</u>

<u>45</u>.Plaintiff incorporates all cases of action as stated herein

46. Through the majority her Unlawful prosecution plaintiff was represented by public defenders Giovani Macias (2022-2023) and Anthoney Hernandez both which provided constitutionally ineffective assistance under <u>Strickland</u> in the criminal threat case in July 2022 when Defendant public defender entered the case they were told of Plaintiff challenge of Judge Berry under CCP 1701 what happened with the bias jury deliberations. Further Macias received the information that even prior to sentence Berry said he was going to send the plaintiff to State prison. Plaintiff demanded an immediate CCP 170.a.1 challenge be filed by the public defenders as Berry ignored hers. Judge Berry has shown severe ethical and criminal laws prejudgment of the sentence and personal concealment of a bias juror during

deliberation that he failed to investigate Plaintiff request Defendant Macias to get a note from her hematologist to medically preclude or make it extremely difficult for Berry to do it which he promised to send plaintiff to prison but he did not. Although Macias asked Berry to recuse, he did not mandate it with a challenge. CCP 170.1. nor point out that plaintiff had filed one. Macias promised he would not let Judge Berry sentence plaintiff, but he did just that. His omission allowed Berry to escape his mandated disqualification and to sentence plaintiff at age 72 to state prison knowing the jury deliberations were bias and ground for mistrial although Berry refused to unseal the jurors' names even his family friend who was placed in the position of presiding juror. Without any more than 10 minutes' notice on or about October 23, 2022, Macias said that he was going to allow Berry to sentence Plaintiff. had no preparation time. The plaintiff could have had the doctor present at the sentence and people to speak up for her had she known he was going to do this to her. His omission allowed a biased and legally disqualified judge to sentence plaintiff to two years of State prisons. Macias also failed to preserve key issues for appeal Despite clear evidence of retaliation and vindictive prosecution which Macias even acknowledged he refused to file a Mungia vs Municipal Court motion for vindictive prosecution although he privately acknowledged he believed it to be true. See Exhibit9

47 Plaintiff had another trial some five years after a staged accident on January 11, 2020, in which she was represented by Anthoney Henandez who continued the pattern of ineffective assistance of counsel. The DWI case was fabricated, a staged accident, no one saw plaintiff driving before the accident, an illegal blood draw on the plaintiff when she had no FSTs and a normal breathalyzer, no blood shot eyes rather she was bleeding into her eys and after the accident Plaintiff had symptoms of post-concussion syndrome. The Plaintiff had done a suppression hearing in which major evidence was kept from her in violation of Brady which was presented at the trial without objection. Afterward the public defender took over the case because plaintiff was jailed. The Public defender office did no Writ or appeal to stop the presentation of non-produced evidence for the suppression hearing although they promised to. At the scene plaintiff presented bleeding, semi-conscious and there was blood all over the car inside and outside and picture presented to the public defender office which they said they lost. Based upon a false affidavit misquoting the facts signed by a deputy district attorney, a warrant was obtained to get a blood draw which showed a small dose of a prescription drug that plaintiff took for 2 years, nothing else an affidavit for a blood draw warrant was unlawfully obtained in violation of the fourth amendment. This was the second illegal warrant affidavit by the District Attorney office. The plaintiff's symptoms were posting traumatic injury to the head, not an undue influence of a prescribed medicine she took 13 hours prior to. There was absolutely no evidence of impairment before the accident was seen by anyone. The plaintiff, who had been a licensed R.N. told Hernandez to get a medical expert to view the camcord and the hospital record or a DRE he did either. The plaintiff also told Hernandez to do a Mungia vs Municipal court motion, and he said he was" not comfortable "with doing that. Plaintiff also had a Marston Hearing in front of Judge Morales where these same examples of ineffective counsel were expressed plus the loss of physical evidence. The plaintiff does not have a copy of that yet but will amend file it when it is obtained. The prosecutor Davies suggested to the jury through her comments, questions

and theories that the bleeding plaintiff had was either fake or minimal and it was the burden of the defense to present medical testimony to prove it was the cause of her post accident semi consciousness even though it was evident from the camcord. However, plaintiff with a B.S.N. in nursing and medical malpractice lawyer for 34 years informed Hernandez and the others that he must designate either a doctor or a DRE as the symptoms of post-concussion trauma even though evident in the pictures need to be explained to the jury. Hernandez ignored her. It was also expressed through their in-house toxicology expert, not objective, as well as at Ms Davis's closing, i.e. reverse the burden argument of burden to produce evidence the defense should have produced medical testimony or the hospital records, which is a reversable error. Defendant Hernandez allowed prejudicial closing arguments and did not object to the expert reversing the burdens statements by the prosecutor as well portraying the plaintiff as a felon who refuses to take responsibility for her other felony as well as the DWI misdemeanor and they should see that plaintiff does. Which suggest plaintiff is a habitual criminal. She did this to inflame the jury and to see that this criminal gets punished. Further Hernandez had the plaintiff sentenced immediately without her beforehand consent and knowledge and waived post-conviction motions, abandoned the plaintiff and did not allow her to speak to the judge before sentencing her in violation of her constitutional rights Further he did not challenge the staging of the arranged auto accident

48. Together Macias and Hernandez as well as others at the public defender's office, the failures were part of a systemic effort to ensure her wrongful conviction, protect the district attorney office and discredit a whistleblower. The plaintiff was deprived of her constitutional rights to effective assistance of counsel again which again left her defenseless in the face of coordinatized campaign of retaliation. Further as a proximate cause of Hernandez not seeking post-trial l motion and a stay plaintiff's driver license has been suspended. At the sentencing plaintiff was told by the judge no sentence would be imposed and now the transcript mysteriously read that 180-day custody was imposed with 365 days credit which was not said. No sentence was imposed. Plaintiffs' witnesses at the sentencing hearing heard the same thing. Further the plaintiff sent a letter to Judge Hebert Exarhos reciting the same that no punishment would be imposed. It is attached as an exhibit. 14. (Everyone wants a me-too moment). The harm of driver's license suspension is a direct result of ineffective counsel as was having to appeal this case which will take years. It was not even requested by the prosecutor, who requested many times that the plaintiff be sent immediately to jail to mimic the trial on the criminal threat case when Dunlap requested the same. Davies presented the case in a similar manner as did Dunlap to create a malicious and false impression and to inflame the judge so he too would send plaintiff to jail. This is all the proximate cause of Hernandez ineffective counsel as well as collusion with the prosecutor. Hernandez either watched and said nothing or at some points agreed with her. Both severely damages plaintiff due to their ineffective counsel.

SAN DIEGO POLICE DEPT AND ITS OFFICERS LIABILITY FALSE EVADING CHARGES, BRUTALITY AND RETALIATORY PURSUITS malicious prosecution excessive police force

46. Defendant officer Kiul, Pickard Maciel and Ottweiler acting under the authority of the San Diego Polic dept instituted two evading cases while chasing plaintiff based upon the district attorney's bulletin. Plaintiff in connection with two fabricated evading police high speed chases and arrested her. She was beaten up by officer Kiul . In the first chase on December 30, 2019, right after the dismissal of the Civil rights case. The officers claimed there was an outstanding warrant which was false really what they were pursuing her for was for the bulletin the Sabraw- Stephans circulated to all the Police depts. They got the CHP involved and stopped the car beating it with batons and crashing into the windows. Further they gathered police dogs around the car and got six rifles and aimed it at the plaintiff who was sitting in the car in shock and disbelief. This was just 10 days prior to the staged accident. Plaintiff was again arrested and arraigned for these felonies and the D.A. Patrick who was also a media consultant put the arraignment on television, and she talked about it on television herself to defame the plaintiff immediately after the arraignment. The second police chase occurred on or about August 30 2020 where Plaintiff was chased for the sake for the bulletin and beaten up by Officer Kiel and had to be taken to the hospital The CHP refused to participate in that chase because they saw the bulletin this time but plaintiff had to go through four year of fighting these 10 felonies before the presiding judge after the Pitchless motion dismissed them and the Gun charge case as well pursuant to PC 1050 on or about August 17 2023. (See exhibit o). The government was trying to prosper from crimes they perpetuated and placed Plaintiff in. See Exhibit H,C9,C1

47. These officers' actions were not based on any observed criminal conduct or probable cause instead based upon pretest knowingly and willingly targeting plaintiff for the district attorney as part of a broader scheme as they had with the circulation of a target bulletin by Jeff Jordan on Michael Sussman These unlawful chases, beatings false arrests and harassment and stalking placed plaintiffs life in danger for the District attorney and lead to malicious prosecution and abuse of process.. These officers submitted false and pretextual police reports to the district attorney and for her. This was discovered during the pitchless motion. These unlawful chases placed plaintiff life and liberty in jeopardy and violated plaintiff constitution rights to due process, fourth amendment, sixth amendment due process and free speech

48. The police chiefs Zimmerman and David Nieset are liable under Monell vs Dept of Social Service, having failed to train and supervise and discipline officers who engage in constitutional violations. They ratified the misuse of the police powers permitting retaliation and vindictive actions against one small, isolated family, one which resulted in an innocent person death in which a target bulletin was instituted as well. This was a reinforced pattern of law enforcement abuse This pattern continued for eight years after Michael's death then went after the mother. This conduct was coordinated with the San Diego District Attorney office (See Exhibit C1-10)

CONTINUATION OF RICO COUNT V1

Against All Defendants except Schnieder and, Sheriff Defendants

Sabraw-_Stephan's Conspiracy framework Defendant are the Hub of this Rico cause of action

49Plainiff incorporates all previous causes of action as if set her exactly herein. Defendants allege at the center of this conspiracy is the personal, profession and political alliance between Defendant Summer Stephan's, San Diego District Attorney and Defendant Judge Dana Sabraw , United State District Judge for the Southern District of California, husband and wife. The acts of retaliation, judicial misconduct, prosecutorial abuse, regulatory cover-up and obstruction of Justice described herein were executed for the mutual protection of Sabraw and Stephan's and their official positions and to suppress Plaintiff civil rights claim, and the unlawful forum shopping and later dismissal of it by a disqualified judge. Plaintiff they believed threatened exposure of both of their offices and exposed a criminal conflict of interest between the powerful couple. Defendants conducted the affairs of an enterprise engaged in a pattern of racketeering activity. block redress and exposure of the crimes committed by Federal Judge Sabraw and Summer Stephan's to favor each other's official position to use their power to the advantage of each other.

50 Specifically Summer Stephan's acting as San Diego District Attorney initiated and directed retaliatory criminal prosecutions against the plaintiff knowingly based upon fabricated acts, unlawful warrants, dissemination of target bulletins to the San Diego Police Dept and the Sheriffs dept and courts marking plaintiff as a dangerous person see exhibit A. and perjurious testimony from Defendant Alphonso Martinez and Esperanza Martinez just as they made in the Michael Sussman case .Immediately after the Civil right case was filed and Sabraw assigned it to himself the process began. In turn Judge Sabraw should have recused himself sua sponte but did not nor did he disclose his relationship. Summer Stephan's office was also involved with the Michael Sussman case backing up the police dept when they broke into the houses without warrants to arrest Michael. Further her office is assigned to death investigation through murder or dispensing unlawful deadly drugs by a two time felon Anders Holthaus on probation that the sheriff referred to her office in April 2019 through July 2019 Plaintiff was advised the office would not even pursue it as Anders was arrested and in jail but would not even open the file(See Exhibit 2) By ignoring the Sheriff and the Plaintiff as mentioned in exhibit B Summer Stephan's acted with the criminal intent to obstructs justice and protect her personal and political interests allowing a two time felon for drug pushing specifically heroin and cocaine off the hook so that Plaintiff never got any closure on her son's murder. Further Holthaus went on to continue with his drug pushing thus Defendant Stephan's failed to protect the Sussman as the victims they were and instead protected herself and her husband from liability by making the plaintiff a criminal and putting her through catastrophic hell. Like she had not suffered enough. The plaintiff is informed and believes that Judge Sabraw always knew and agreed with her conduct Herein Stephan 's conduct and the conduct of her Defendant's Minions constitutes direct criminal obstruction under 18 USC Sec 1505 and 18USC 1512. She obstructed a murder investigation, and her husband discarded any civil remedies the plaintiff may have had by forum shopping the case while disqualified and disposing of it including the wrongful death claim and conspired with Defendant Huie to do the same. Further Defendant

Sabraw persuaded or encouraged the other Federal Judge who took over plaintiff case against him for defamation to dismiss it that Judge being Defendant Robert Huei in 2023.

51. In turn Judge Sabraw developed an elaborate plan for the case. He assigned law clerk, only one to handle the case and she directed Plaintiff to file all he is pleading right in SABRAWS dept. She decided what pleading could be filed or not filed. Her name was Julie. She also signed an order for Judge Sabraw Nunc pro tunc. Julie suddenly left the dept., and a new clerk was assigned who refused to give the plaintiff her name. It was later disclosed to Plaintiff by a State Bar investigator Chris Doukakis that Julie had left the Department as she called the State Bar to report the plaintiff to them per Judge Sabraw instructions. The following occurred on October 28, 2019, Defendant Martinez who was a defendant in that lawsuit came over to plaintiff house who was still in shock due to her son's murder and said "Is Michael Dead Nancy, that's too bad. He will go to hell and get buggered up the ass" Later that day Martinez call the Police and has Plaintiff arrested for an alleged criminal threat that was not made nor was it on his surveillance. The plaintiff is beaten up by Officer Ottoewiller and arrested. She was given $100,000 bail. On November 4, 2019, Defendants Wendy Patrick who is also a media consultant, had Plaintiff arraigned on four felonies and three misdemeanors. And to put the plaintiff on television Truly a new experience for the plaintiff. On November 5, 2019, Judge Sabraw get on Pacers, and he writes a note to the defendant, "Is this what you have all been waiting for? Followed by the October 29, 2019 Letter plaintiff wrote to Summer Stephan's at her address which he intercepted and was given showed the letter to the defendants and plaintiff was watching Pacer that day as well followed by the granting of all 12B motions even in favor of the defendants who did not write one nor even enter the case and dismissing the entire case with prejudice including named defendants who had not responded even with a 12 B motion. Also Judge Sabraw had a rule 6 requirement for FRE 12B motion meet and confer but he waived it in this case only. Plaintiff was denied even an amended complaint. The plaintiff. wrote to the ninth district Justice Sidney Thomas telling him what SABRAWS had done and what Stephan's had done and the violations of the cannons of ethics in the case but he denied it and backdated the denial over 45 days so plaintiff could not put it in her appeal. The State bar was on Pacer also. The unlawful coordination of multiple actors who knowingly furthered the scheme. (See exhibit B)

11 CONSPIRACY STRUCTURE (HUB AND SPOKE Model)

51. Defendants Sabraw and Stephan's acted as the central hub of the conspiracy, with various state actors knowingly as spokes and collaborators to carry out the continuation deprivation of Plaintiff's constitutional rights, protect each other's and prevent exposure of the underlying conflicts and judicial and prosecutorial misconduct, decisions, suppress plaintiff whistleblowing activities. Thes actors include Saab, Davit , Mitchel who retaliated against plaintiff for her for absolute protected speech and suspended her license to discredit her and suppress her ability to get public outcry for the horrific death of her son and her brother and to suppress her power and prestige that she earned in the very court that allowed this to happen where she practiced for 34 years. Further the State Bar judge issued

a fraudulent decision to the Supreme Court which they just rubber stamped defaming the plaintiff, discrediting her as a mother who is trying to get justice for her son and brother, not as an attorney. Because Mitchel charged with 12 moral turpitude and the case went over a span of four months without an expert and was just a rehash of the Michael Sussman trial. The trial was institutional gaslighting. Further after the trial Ms Mitchel demanded disbarment of the plaintiff for an alleged first offense and Judge Saab in fact de facto disbarred the plaintiff the conditions were so egregious. Then Ms Mitchel went even further, she wanted to get the plaintiff declared mentally incompetent although she had no mental impairment other rather intense grief and PTSD. An attorney was appointed plaintiff Murray Kamionski who is an expert in first amendment law. His opinion is exhibit __3__. That malicious complaint was heard in front of another judge who dismissed it however Mr. Kamionski expressed that he faced intimidation by State Bar Judge Saab , much similar to the intimidation plaintiff faced during the trial and that he was concerned for his ability to practice in the State Bar court and refused to assist Plaintiff to set aside a sentence which he described as being the most egregious sentence he ever saw. In fact he took to bed for two week, and the Judge had to order him to stay on Plaintiff confidential case which he won Plaintiff could not find anyone for less than $60,000 to do an appeal as the case went intentionally over a span of four months at less than the cost of $60,000 which plaintiff spent long ago trying to save her son and to bury her family. The plaintiff knew Saab would block any extrinsic fraud motion she tried to bring and knew that she had to represent herself on the felonies Defendant Stephan's charged. The plaintiff had to do that as a wrongfully suspended attorney who was ostracized and neutralized because of the action of the bar and its defendants as charged. Now she not only has the original suspension to get set aside but they also suspended her license and made her inactive for the felony she was wrongfully convicted of. As it is void but not vacated. Plaintiff put numerous complaints in about the defendant prosecutor and the Bar said they were not going to do anything about them and they have not They essentially gave the go ahead to Stephan's to take down the plaintiff we are not going to interfere much like they did even the blatant misconduct of Thomas Girardi as she too was a protected attorney as was her minions. Now the plaintiff is dealing with trying to get her license back on a conviction from another disqualified justice Rubin that is void ab initio, repeating the Sabraw conduct again. Plaintiff is having a lot of due process violations by the State Bar court and even at one status conference Plaintiff was given intentionally denied a zoom link and was given one that dated back two years and was unusable. The plaintiff tried to attend publicly and was not recognized. Plaintiff tried to contact the State Bar judge who disregarded Plaintiff notification about the zoom link as it did not meet the procedure of the State Bar Court so plaintiff could not attend, and the hearing went on without the plaintiff. Since Judge Cynthia Valenzula left the State Bar court to become a Federal Judge these kinds of due process problems are rampart with the State Bar court like with Judge Saab. Judge Valenzula was a refreshing example of an ethical judge for the State Bar hearing court. The State Bar and its court is retaliating against the plaintiff on two levels now. Now that their only fair-minded hearing judge is gone, the plaintiff can see that she is going to have a problem with them again. Although the law and facts are on plaintiff side, the corruption is on the side of the Bar and its court, and it was not remedied

with the Thomas Girardi reform. Afterall, they proceed with the plaintiff at a status conference when they intentionally did not supply a zoom link The hearing judge just repeats the wording of the Stata bar whatever it is that day. Like they are their puppets. Presiding Judge Hon has illicitly interjected himself now into the proceeding. He conspired with Guerrero to do just that. Without hearing he placed plaintiff on the inactive list to further defame her without hearing which is a ultra vires act. He rules on motions and denies them when they are assigned to a hearing dept judge, and he orders ex parte documents to be filed as exhibit and intentionally does not file them in furtherance of the Rico enterprise

52 The California Judicial performance has received complaints from the plaintiff on all judges involved. As well as copies of the Writ of Mandate. Despite having clear oversight responsibility authority over all judicial officers has knowingly and intentionally refused to investigate and had closed every complaint despite the obvious violation of judicial cannon, of ethics violation, clear abuse f power and obstruction of justice, extrinsic fraud , conflict and obvious judicial bias and criminal behavior concealment of judicial bias, failure to respond to a valid CCP 170,1 and clearly abusive and retaliatory conduct signaling to the judges and justice that they are free to violate the law. CJP willful inaction enabled and protected these judges and justices to repeatedly and all together violate plaintiffs' constitutional rights. Had the CJP or the State Bar intervened as mandated the enterprise would have been dismantled, instead it became a facilitator of the ongoing conspiracy.

53 Appellate Justices David Rubin and Judith McConnell and Supreme Court Head Justice Guerrero carried on with the scheme of depriving plaintiff for her rights to an impartial tribunal manipulated the appellate review created a structural defect, concealed judicial disqualification and followed along with Judge Sabraw conduct in not disqualifying himself due to involvement in a Superior Court case where he admittedly on Exhibit F of the Writ of Mandate did an ex parte review of the criminal file, and the CMS system and who know what else he did ex parte without anyone's knowledge. Also, he found out against the plaintiff which was vacated. He had actual bias. Justice McConnel as presiding over the administrative judge job was to do administrative work. Not only did she not investigate and report to the CJP, but she preclude plaintiff from any post appeal remedies. Plaintiff complaints about Rubin said plaintiff could not object as she is a criminal defendant knowing fully well the appeal was over Plaintiff ADI counsel had left and Plaintiff had every right to challenge Judge Rubin. The plaintiff filed a Writ of Mandate requesting transfer to another district due to the involvement of four justices in Rubin decision she denied the Writ herself. Which was unusual for her to be involved as she was the administrative presiding over justice busy with POG work, mostly administrative now. As part of her administrative role, she chooses the judge s to assign to appeals so no doubt she chose Rubin for the Appeal and herself for the writ even though she had dealt with the complaint as the administrative judge and was disqualified. Plaintiff filed a Writ of Mandate in the Supreme Court which was denied as well by Justice Guerrero. If it was not for Justice McConnel, calling the governor Justice Guerrero would not have her position. That one phone call got her the position. And Justice Guerrero will be forever grateful (See Exhibit 16.

Further she worked with each other for 7 years in the fourth district and lastly the POG program Justice Guerrero appointed McConnell head of with direct and frequent contacts between them on the very important program. She also did not disqualify herself and then denied plaintiff extrinsic fraud motion one week after plaintiff filed a challenge against her Ellin Davit general counsel had a duty to respond to that motion and admit what happened. The Bar mandates attorney under Profession Code 8.4 to report attorney who commits fraud or misconduct, but they do not do it themselves. Further Justice Guerrero secretary Mr. Navarrete her clerk snuck her challenge of Defendant Guerrero out of the chain of custody to return it to plaintiff so it would not be in the Supreme Court file which is unlawful, it was lawfully filed. Justice Guerrero attempted to hide the evidence of her connection to justices Rubin and McConnell by sneaking out part of the evidence of the structural defect that existed, and agreement exists between Defendant Rubin and Defendant McConnell. The fact that the Recusal exhibit U was taken out of the Supreme court file and sent back to the plaintiff using an untraceable address the UPS store on Waring Road which only mailed the Exhibit U. W and 16 This is evidence of mail fraud and intentional spoliation of evidence.

53 Public Defenders Macias and Hernandez who intentionally withheld disqualification motions against the prosecutor, failed to assert constitutional defenses and participated in procedural obstruction as described in paragraphs 15 through 17 and incorporated herein and allowed harm to occur to plaintiff, Hernandez abandoned plaintiff without post-conviction motions as well as allowed overt prosecutorial misconduct acted in concert with the conspiracy.

54 Prosecutor John Dunlap, Wendy Patrick and Shannon Davis and other from their office fabricated charges, engaged in malicious prosecutions, failed to investigate before filing charges , arranged for a staged accident and presented evidence that shifted the burden of proof to the defendant as well as commented to the Jury that Plaintiff other felony she did not take responsibility for with making her out as a habitual criminal in a misdemeanor DWI trial that was over five years old . Davies stated to the jury that plaintiff bleeding and semi consciousness was fake. Defendant Dunlap used perjury to convict plaintiff from a very biased neighbor who was acting on behalf of the district attorney, no doubt Defendant Dunlap knew that it was perjury he was using to convict plaintiff. All Defendant were just following their bosses order Summer Stephan's knowing that the State Bar was not going to intervene. FURTHER DEFENDANT Dunlap committed prosecutorial misconduct at the trial by constant speaking objection rather than legal objection like Ms Sussman is testifying. Pretty soon the judge was making and sustaining his own objections as well. Again, to put plaintiff on trial age 72 for a non-recorded criminal threat against an abusive neighbor but refuse to investigate a murder of a 24-year-old man. Also, the plaintiff produced a lie detector test to Dumlap which he ignored. And Bonta was also provided with the test which he ignored as well. Defendant Dunlap and Ms Davis both followed the same patten screaming "Put Ms Sussman in jail" JUDGE BERRY GLADLY DID

55. Alfonso Martinez, who acted jointly with state and federal actors as a state actor supplying false evidence, illegal surveillance to initiate and sustain wrongful prosecution over the span of 8 years. To get rid of his neighbor and help the prosecutor including perjury. Defendant Martinez was a federal agent. Denise and Esperanza Martinez who acted as private actors' conspirators providing false testimony and harassment and retaliation and as Denise Martinez was heard Saying to Dunlap "I did does not know it would be so easy". The plaintiff incorporates by reference all allegations against the Martinez family as set out fully herein. Defendant Dunlap knew that the testimony by Martinez was perjury yet presented it anyway.

56. Defendant Rob Bonta was complicit in the scheme to criminalize the defendant. His office represented the people. He runs a exoneration of wrong conviction program and th plaintiff contacted him to supply the case number and the poly graph tests on several occasions. Further he represented the People in the appeal and saw this coming down but did nothing. One of those letters is listed as an exhibit. E He never contacted the plaintiff nor reviewed the file, and he was fully knowledgeable of the void decision of Justice Rubin and did nothing to correct the matter. Defendant had an independent obligation to review the matter but allowed the felony to stand to protect his own political interest and the Stephen and Sabraw power. His failure to intervene constitutes aiding and abetting, ongoing racketeering and obstruction to protect the enterprise, preserve state institutions and avoid political exposure of widespread judicial and prosecutorial corruption and covering up STEPHANS direct criminal obstruction

57, The San Diego Police Dept are part of the Spoke criminal enterprise due to the allegation against the as alleged in paragraph 46 and 47 of this complaint incorporate therein Further this pattern continues from as demonstrated in exhibit C 1-10 their pursuit of Plaintiffs son which ended in his death and the wrongful conviction of plaintiffs' son. They used Defendant Martinez in that case as well. Then they chased the plaintiff on a target bulletin put out by Stephan's and her husband, but it represented it was a warrant

58. Judge Gregory Pollack is a Hub in the Rico cause along with the SABRAWS. case. He started the whole thing by not disqualifying himself as he was an adversary of the plaintiff for 25 years and they were adverse to each other in every sense of the word. Judge Pollack was envious of plaintiff success in the field as she got a significant amount of money for her clients She reported the plaintiff to the State Bar to retaliate against her and then kept writing letters demanding they take action as it's been four years. Further he wrote to them that Plaintiff is being criminally prosecuted by the district attorney Wendy Patrick who he met with. Further not only reversing the witness at the restraining order trial which was unrecorded and went 2 days rather than two hours he made sure that Berry used those altered exhibits at the criminal trial even though he knew they were altered. He verified to the court they were authenticated. However, Plaintiff, through 25 years of being a medical malpractice attorney and a former R.N. knows how to spot altered documents and has had a review of the documents and the minute order which is usually done by the clerk is

completely rewritten and there are parts of the form that are rewritten as well. It is obvious and it was brought out at the State Bar hearing as well the plaintiff has indented those alterations on the exhibits for the occurrence to see and you do not have to be a forensic examiner so see these alterations. By making Michael and plaintiff the perpetrator instead of the victim he proximately caused all the harm the plaintiff has suffered as well as her son he gave power to a psychopath neighbor who committed non provoked battery on Michael These deliberate acts of judicial fraud , falsification of evidence, knowing that those exhibits were forgeries but verifying their authenticity in 2022 even right before their admission in the trial so they would be used at trial. He is not immune.

59. Judge David Berry is a spoke in the Rico scheme. He was disqualified from the case due to his nondisclosed relationship with the jury foreperson for a long time. He was disqualified because he failed to disclose the jury email he got notice of from his sister right after the verdict of a email sent to his sister for 30 days so the Jury could have been investigated for bias and juror misconduct including the foreperson Further, he received a disqualification motion CCP 170.1 from the plaintiff mailed from jail file stamped in his file. Whether or not the plaintiff was still representing herself at that time she had the right to move for disqualification and did so, yet he failed to disqualify himself or even address it. Despite plaintiff insistence plaintiff public defender would not file a recusal themselves which is a violation of Strickland prior to sending the plaintiff to jail Berry informed her he was going to sentence her to prison. He had already decided. He prejudged the case. Further he intentionally made a false statement to be used in the appeal that all of the crimes were on the video tape when he knew that was not true. There was no criminal threat on the video tape. Lastly even though disqualified he failed to grant the CCP 237 motion counsel juror s names when the jury foreperson committed misconduct and probably the rest of the jury as well by saying while in deliberations, I discussed that I was mad at the jury for disrespecting the judge and she was particularly mad. The jurors were mad, and their verdict showed it. The statement is prima facie evidence needs to unseal jurors' names and not hearsay. However, he should have been recused and not stay on a case where he had a previous undisclosed relationship with the juror foreperson, , aiding and abetting racketeering 18USC sec2, conspiracy to commit racketeering 18USC sec 1962d

60. Judge Hon participated as well in the Rico scheme in collusion with Justice Guerrero by placing plaintiff on the inactive role without hearing and striking the motion to dismiss even though assigned to another hearing judge and his role is strictly administrative. Judge Hon actions coincided with plaintiff filing to recuse Guerrero and appear to be taken in concert with her to create a false narrative comparing plaintiff to the Girardi type of attorney where the public needs to be warned. These actions constitute a abuse of office and the pattern of racketeering activity alleged in the complaint warrant Judge Hon's removal from the bench and liability under 42 USC sec 1983

60.The predicate acts involved in which defendants each participated in at least two apiece are mail and wire fraud 18 USC Sec 1341 and 1343. Obstruction of justice 18 USC sec 1505, Retaliation against a witness 18 USC 1513, Civil right conspiracy 18 USC sec 241, tampering

with proceeding 18 USC sec 1512 and concealing evidence of a murder and presentation of forged document and perjury as well as Honest services fraud, falsification of court records 18USC Sec 1519, Judicial fraud and obstruction, Deprivation of rights under color of law 18 USC Sec 1519, subordination of perjury 18 USC Sec 1622, Conspiracy against rights 18USC sec 241., misprision of a felony 18USV sec 4, obstruction of a criminal investigation 18USC sec 1510, witness retaliation 18USC 1513 Misprision of a felony again, Fraud and extrinsic fraud, obstructing a murder investigation, lying to officials

51 Each defendant committed at least two acts, forming a pattern from 2017 to 2025. The enterprise functioned to prevent exoneration; silence protected speech and destroyed plaintiff life. These acts were the cause of her injuries, false imprisonment, arrest, beating, earning loss, loss of $19,000 having to be paid back to social security reputational damage, emotion trauma unyielding, damage to her health, and financial injury and failure to get the outcry her son murder and her brother death deserve, severe emotional distress. Each defendant knew or deliberately ignored that plaintiffs' legal and constitutional rights and her human rights were systematically violated to preserve the personal, financial and political interest of these high-level officials. These acts collectively form a continuing pattern of racketeering activity under 18 U.S.C. sec 1961 and 1962

CONTINUATION OF Count 1 CIVIL RIGHT VIOLATION 42 USC SEC. 1983

Against all Defendants

52 Plaintiff incorporates all causes of action as if set out exactly herein

. Defendants and et al of them acting under color of law violated Plaintiffs right under the First, Fourth, fifth, eighth, and fourteenth amendments. Summer Stephan's directed retaliatory and malicious prosecutions and her defendants' minions carried them out, Judge Pollack, Berry, Rubin McConnell Guerrero issued rulings while disqualified with known falsehoods and concealed conflicts and agreements. SDPD officer falsely arrested and brutalized the plaintiff using falsehoods and the State Bar committed extrinsic fraud to censor the elderly whistleblower exemplary attorney from communicating about the tragedy of her own family death, her devastation and the corruption in the courthouse at least with a law license knowing fully what happened to Michael Sussman due to the aggressive and unlawful persecution and his death that resulted. as that was the subject of the licensing hearing not even within the jurisdiction of a law licensing hearing. The Bar had knowledge that Summer Stephan's had filed criminal charges against plaintiff even though it was not the subject of their complaint. The bar wanted to protect D.A. Stephan's as one of their special attorneys like Girardi while going after a defenseless whistleblower.

53. Plaintiff was deprived of liberty, earning, equal protection, access to the courts at least not US District Court Southern region, State Bar court and SDSC. She suffered cruel treatment in custody which worsened her health as predicted by John Dunlap. These actions were undertaken under State authority and caused direct constitutional harm which she still suffers. Plaintiff does not know if she will ever stop.

CONTINUATION OF COUNT ONE 42USC SEC 1985 (2) and (3)

54. Defendants conspired to obstruct justice and deny plaintiff the equal protection of the laws through coordination and agreement of Judicial decisions, prosecutorial actions, false filings and misuse of law enforcement and abuse of the Courts, suppression of evidence, Brady violations, malicious prosecution, use of perjury and coordinated denial of recourse across judicial and administrative basis. Further the retaliatory prosecutions to silence a whistleblower. There was a shared agreement among the defendants and all of them as evidenced by the similarities between the Michael and Nancy Sussman criminal cases, the sequence and development of judicial decision and prosecutorial actions, overt acts and coordinated denial of recourse to the plaintiff across all judicial and administrative bodies. This conspiracy was motivated to suppress the whistleblower free speech rights and her efforts to expose severe judicial and prosecutorial and attorney misconduct as well as the State Bar and to preserve the Stephan's -Sabraw abuse of power, conflict of interest in their position for the good of each other's positions and their positions to the detriment of plaintiff and her right under the rule of law..

CAUSE OF ACTION VIOLATION OF THE BANE ACT CC SEC 52.1 AGAINST ALL DEFENDANTS

55. Plaintiff reincorporates by reference all preceding paragraphs as if set forth exactly herein.

56.California Civil Code Sec 52.1 known as the Bane act prohibits any person from interfering by threats intimidation or coercion with the exercise or enjoyment of rights secured by the constitution or the laws of the constitution or laws of the United States of America or the State of Calif.

57. Defendants acting individually and in concert interfered through threats, intimidation, coercion and retaliatory prosecution with Plaintiffs exercise of and enjoyment of her constitutional rights including first amendment right to free speech and to petiton the government as a whistleblower. The fourth amendment the right to be free of unlawful seizures and searches, the sixth amendment, the fourteenth amendment right to due process and equal protection and the eighth amendment

The California constitutional right to pursue and obtain safety, happiness and privacy, the right to be free from unlawful incarceration and malicious prosecution.

58. Defendants et all engaged in threats, intimidation and coercion by

a. Orchestrating campaign of retaliatory criminal prosecution against the plaintiff

b. Using false, staged and perjured testimony (from the Martinez defendants) and a staged accident to justify arrest and indictment knowing the history involved and refused to vacate the unlawful verdict through the appeals process

c. Disseminating defamatory bulletins falsely claiming that plaintiff was danger to the public and proceed with caution to get the police to stop and arrest the plaintiff.

d. Misusing court proceeding to silence and discredit plaintiff for exposing government misconduct

e. Chasing and arresting the plaintiff based upon target bulletins, not warrants

f. intimidating plaintiff for exposing misconduct while in custody by punishing her for reporting a corporal O'Neil

g. Suppressing exculpatory evidence and using false affidavits, known its perjury and forgery in support of illegal searches and blood draws without any cause in a staged accident

h. The judicial agreement between Judge Pollack, Berry and Justice Rubin, McConnell and Supreme Court Justice Guerrero to allow plaintiff void conviction to remain to conceal judicial misconduct and prosecutorial misconduct. (The concept of Kings is unconstitutional.)

59. Thes unlawful acts were intended to suppress plaintiff right to free speech, deter her from seeking redress for the crimes committed against rand her family and for government misconduct and to punish her from exposing corruption tied to high ranked officials

60. Plaintiff was severely harmed as a direct result of defendant conduct suffering physical, emotional financial, reputational damage, discredit, ostracized and isolated, shamed

61 The acts of Defendants were willful, malicious oppressive and done with conscious disregard for plaintiff safety and rights wherefor she is entitled to compensatory and punitive damages as well as attorney fees and costs pursuant to Calif Code Sec 52.

Prayer for relief

Wherefore plaintiff prays for judgement against the Defendants and all of them as follows

1. Compensatory damages according to proof
2. Punitive damages according to proof]
3. Injunctive relief according to proof by reinstating plaintiff license to practice law and vacating a void and unlawful conviction
4. 4. Cost of suit and attorney fees under 42 USC sec 1988
5. 5. Emergency injunctive relief to stop Summer Stephan's and her office by charging plaintiff with any more crimes that are not approved by another body such as the grand jury or the attorney general office.
6. 6. That State auditing be done against the CJP and the State Bar of California to maintain that they do their jobs

7. 7. Injunctive and declaratory receive against that regulation and monitoring of Judges and prosecutors are being adhered to.
8. 8. And attorney fees and costs according to law and any other lawful remedies

Date 7/16/25

Nancy Sussman prose

**AMENDED Exhibit List**

Exhibit A: Target bulletin from District Attorney sent to all police and sheriff stations

Exhibit B: Michael Sussman Law, Letter to Stephan

Exhibit C1: Michael Sussman trial material similar to what happened to the plaintiff

Exhibit C2: Michael Sussman trial material

Exhibit C3: Michael Sussman trial material, Roger Clark's reference to animus by Martinez

Exhibit C4: Letter to prosecutor in Michael Sussman case

Exhibit C5: Use of Michael Sussman video by the People for trial

Exhibit C6: Michael Sussman trial material: unprovoked battery by Martinez

Exhibit C7: Michael Sussman obituary

Exhibit C8: Excessive bail for Michael showing de facto detainment

Exhibit C9: Motion in Michael Sussman case re prosecutorial misconduct

Exhibit C10: Injury to Michael Sussman by Martinez (photo)

Exhibit D1: CCP 170.1 motion from jail

Exhibit E1: Letter to Rob Bonta, Attorney General

Exhibit F: Letter to Summer Stephan shown to defendant on PACER by Judge Sabraw (Nov. 5, 2019)

Exhibit G: Judge Pollack recusal motion

Exhibit H: Granting of Pitchess motion

Exhibit I: Notice to Judge Sabraw re relationship with Summer Stephan (ignored)

Exhibit J: Motion to disqualify District Attorney's Office

Exhibit K: Motion to suppress video tapes

Exhibit L: Partial preliminary exam transcript where Martinez admits there was no threat

Exhibit M: Judge Pollack's two altered orders with emphasis on alteration clues

Exhibit N: Reply to Appellant Brief in Sabraw appeal

Exhibit O: Dismissal of evading and gun charges (PC 1385)

Exhibit P: Article about insidious corruption at the State Bar

Exhibit Q: Request for update on expedited hearing on writ from Fourth District

Exhibit R: Urgent call for federal investigation

Exhibit S: Petition for writ of mandate to Supreme Court (includes Rubin decisions)

Exhibit T: Petition for review to Supreme Court (includes Rubin, Massey v. Caperton argument)

Exhibit U: Motion for recusal of Justice Guerrero

Exhibit V: Denials of writ of mandate by Justices McConnell and Guerrero

Exhibit W: Response to Supreme Court UPS letter dated May 23, 2025

Exhibit X: Disbarred jailed attorney Richard Fine

Exhibit Y: Supreme Court order suspending plaintiff's license on State Bar decision

Exhibit Z: Illegal cost form from State Bar Trustees

Exhibit 1: Complaint against plaintiff by State Bar with 12 counts of moral turpitude

Exhibit 2: Plaintiff's response to State Bar complaint

Exhibit 3: Plaintiff's later-appointed attorney Kamionski response to State Bar allegations

Exhibit 4: Plaintiff letter to Chair of State Bar Board of Trustees

Exhibit 5: Two letters to Justice McConnell re Rubin

Exhibit 6: Denial of writ of mandate to vacate Rubin's decision by McConnell

Exhibit 7: Motion to set aside for fraud upon the court regarding Judge Sabraw

Exhibit 8: Article: Deep State of GOP Justice

Exhibit 9: Letter to head of Public Defender's Office

Exhibit 10: Proof of Judicial Conduct complaint regarding Judge Sabraw

Exhibit 11: Motion for extrinsic fraud and exhibits to Supreme Court

Exhibit 12: Special duties of a prosecutor

Exhibit 13: Motion regarding Bar committing elder abuse

Exhibit 14: Letter to Judge Exahoras re no penalty to plaintiff, copied to Davis and Hernandez

Exhibit 15: State Bar recognizes plaintiff as whistleblower by addressing letter 'Dear Whistleblower' (includes letter addressed 'Dear Whistleblower')

Exhibit 16 Supplemental Declaration of nancy Sussman regarding Structural Defects dated 7/8/25

Exhibit 16

2:25cv-5983 VBF/JC

San Diego Ca 92120

kauaiatty@aol.com

] NANCY SUSSMAN

VS

PEOPLE OF THE STATE OF CALIF

Case No.: [S29009]

---

### SUPPLEMENTAL DECLARATION REGARDING IMPROPER COMMUNICATIONS, RETALIATION, AND STRUCTURAL DEFECTS

I, Nancy Sussman, declare as follows:

1. After filing a writ of mandate that Chief Justice Guerrero denied, I submitted a written challenge to her ability to rule on the matter due to her close connection with Justice McConnell and the fact the phone call placed by Justice McConnell placed Justice Guerrero in the Supreme Court.

2. After I submitted my challenge, I received a letter purporting to reject it, claiming I could not challenge her. This letter was not properly filed or served, and no record has been provided showing that my challenge was considered on the merits. Enclosed is another copy for your files. Please do no disregard again

3. I observed that the response and related communications were sent to a **UPS store at Waring Street** rather than to my correct address. The use of the UPS appears designed to avoid tracking and accountability, as properly-served court documents ordinarily have a clear chain of custody. The Waring Street UPS mailbox does not. Since then, Judge Hon has been actively working in the hearing dept of the State Bar when he is a Review judge and

Exhibit 16

illegally deciding motions and rendering me inactive which he cannot do as that would be a structural defect. I have challenged that.

4. I objected to this improper delivery and documented that Chief Justice Guerrero's office — through her secretary, Mr. Navarro —obviously improperly communicated with Judge Hon, who then inserted himself into my case in the Hearing Department, despite being assigned only to the Review Department.

5. Navarro's contact with Hon, and the deliberate use of the UPS store to obscure service and accountability, demonstrate a coordinated effort to retaliate against me for raising lawful objections and exposing structural defects in these proceedings. It renders all proceeding voids.

6. Their misconduct — including the misuse of the UPS store address, Mr. Navarro's improper involvement, Hon's unlawful intrusion into the Hearing Department, and the failure to properly process and file my challenge — has irreparably destroyed the integrity of these proceedings and violated my due process rights. After I objected to what Mr. Navarro did Justice Guerrero improperly also denied my Extrinsic Fraud motion

7. These actions confirm that the structural defects I previously identified are ongoing and intentional, and that the highest levels of the institution are complicit in perpetuating this misconduct. The public must be aware to prevent further harm to the public. I am sure you would agree. That is the fourth district Court of appeals. Supreme Court and Judge Hon of State Bar Court.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Dated: 6/9/25

Signed: [signature]

Nancy Sussman

Case No.: [S29009]

NANCY SUSSMAN
(619) 405-2923
THE UPS STORE #0008
5173 WARING RD
SAN DIEGO CA 92120-2705

1 LBS 1 OF 1
SHP WT: 1 LBS
DATE: 16 JUL 2025

RECEIVED
CLERK, U.S. DISTRICT COURT
JUL 2025
CENTRAL DISTRICT

Att Mr Rodriguez

SHIP TO: EDWARD R ROYBAL
US DISTRICT COURT CENTRAL DIVISION
255 E TEMPLE ST

LOS ANGELES CA 90012-3332

CA 901 9-12

UPS GROUND
TRACKING #: 1Z 930 E98 03 1555 8133

BILLING: P/P

MM023VQNB9EZT ISH 13.00C ZZP 450 25.5V 06/2025

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.
RRD K 0625

~~VBF~~
CV
JC


US DISTRICT COURT CENTRAL DIVIS
255 E TEMPLE ST
LOS ANGELES CA 90012
P:ORANGE4
113-3380
1Z930E9803 1555 8133
SATO8485 XLE-02-1 JUL 17 07:36:14 2025
US 9007 HIPPS-25.3 2 SATOLR